# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BRIAN STANLEY SPICER,

    Plaintiff,

vs.

UNITED STATES DEPARTMENT OF VETERAN AFFAIRS,

    Defendant.

Case No. 2:16-cv-03025-JAD-CWH

**SCREENING ORDER AND REPORT AND RECOMMENDATION**

Presently before the court is pro se Plaintiff Brian Stanley Spicer's application to proceed *in forma pauperis* (ECF No. 1), filed on December 29, 2016. Also before the court is Plaintiff's motion for disclosure of complaint on CD-ROM (ECF No. 3), filed on December 29, 2016.

## I. *IN FORMA PAUPERIS* APPLICATION

Plaintiff has submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, Plaintiff's request to proceed *in forma pauperis* will be granted.

## II. SCREENING COMPLAINT

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, file to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only

dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### III. Background

Plaintiff's complaint alleges negligence on the part of the Defendant, the Department of Veterans Affairs ("DVA"), related to complications arising from their treatment of Plaintiff's gynecomastia. Plaintiff alleges that he was examined and diagnosed with gynecomastia by Defendant on August 19, 2014, which was followed by an unsuccessful surgical procedure on October 6, 2014. Plaintiff alleges that Defendant's treatment of the gynecomastia involved various actions that were either inappropriate or improperly performed, including: the use of ultrasound assisted and power assisted liposuction during the surgery, the injection of hydromorphone, and failure to aspirate all of the fluid in Plaintiff's breast. Plaintiff alleges that these actions lead to temporary and permanent injuries, including continued symptoms of gynecomastia, a "paroxysmal atrial fibrillation" suffered sixteen days after the surgery, and "trigger finger" in the index and middle fingers of both hands, which developed approximately five months after the surgery. Plaintiff now seeks damages in the amount of $1,042,958 under Nevada's professional negligence statute, Nev. Rev. Stat. § 41A.

### IV. Analysis

Claims of medical malpractice against federally-funded health care facilities and their

employees acting in the scope of their employment, as here, must be pursued against the United States under the Federal Tort Claims Act. *See* 42 U.S.C. § 233(g). Claims under the FTCA are governed by the substantive law of the state in which the claim arose. 28 U.S.C. § 1346(b)(1). Here, plaintiff's claim arose in Nevada; therefore, Nevada law applies.

However, a prerequisite to any action for professional negligence under NRS § 41A is submission of an affidavit that:

1. Supports the allegations contained in the action;
2. Is submitted by a medical expert who practices or has practiced in an area that is substantially similar to the type of practice engaged in at the time of the alleged professional negligence;
3. Identifies by name, or describes by conduct, each provider of health care who is alleged to be negligent; and
4. Sets forth factually a specific act or acts of alleged negligence separately as to each defendant in simple, concise and direct terms.

Nev. Rev. Stat. § 41A.017

Failure to include a qualifying medical affidavit requires dismissal of the complaint without prejudice. *Washoe Med. Ctr. V. Second Judicial Dist. Court of State of Nev. ex rel. Cty. of Washoe*, 148 P.3d 790, 794 (Nev. 2006).

Here, Plaintiff has not included a medical affidavit from a medical expert who has practiced in an area substantially similar to the type of practice that Defendant was engaged in. Plaintiff does assert that he is a medical expert, and includes a copy of a diploma for an associate degree in "medical administrative assist" as support. However, Plaintiff does not provide any authority to suggest that a medical administrative assistant is a medical expert in the relevant area of medical practice. The court does not accept Plaintiff's assertion that he is a medical expert. The court will therefore recommend dismissal of the complaint with leave to amend.

If Plaintiff chooses to file an amended complaint, the document must be titled "Amended Complaint." The amended complaint must contain a short and plain statement describing the underlying case, the defendant's involvement in the case, and the approximate dates of its involvement. *See* Fed. R. Civ. P. 8(a)(2). Although the Federal Rules of Civil Procedure adopt a flexible pleading standard, Plaintiff still must give a defendant fair notice of the Plaintiff's claims against it and Plaintiff's entitlement to relief.

The amended complaint also must contain a short and plain statement of the grounds for the court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1). Regarding jurisdiction, Plaintiff is advised that "[f]ederal district courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011) (quotation omitted). Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

Additionally, Plaintiff is advised that if he files an amended complaint, the original complaint no longer serves any function in this case. As such, the amended complaint must be complete in and of itself without reference to prior pleadings or other documents. The court cannot refer to a prior pleading or other documents to make Plaintiff's amended complaint complete.

**IV.    Plaintiff's motion for disclosure of complaint on CD-ROM**

Plaintiff motion for disclosure of complaint on CD-ROM (ECF No. 2) requests that "in addition to three original type written copies of my complaint, have three copies of my complaint disclosed and admitted on CD-ROM in its entirety." It is not clear precisely what request Plaintiff makes here, but to the extent that he is asking for permission to submit documents to the court by CD-ROM, or have documents sent to him by CD-ROM, as an exception to Local Rule IA 10-1, the court finds no good cause for such a request, and the motion is denied.

//
//
//
//
//
//

**V.     Conclusion**

IT IS THEREFORE ORDERED that Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is GRANTED. Plaintiff will not be required to pay the filing fee in this action. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security for fees or costs. This order granting leave to proceed *in forma pauperis* does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of the Court must file Plaintiff's complaint (ECF No. 1-2, pp. 7-92).

IT IS FURTHER ORDERED that Plaintiff's motion for disclosure of complaint on CD-ROM is (ECF No. 2) DENIED.

IT IS RECOMMENDED that the complaint (ECF No. 1-2) be DISMISSED without prejudice for failure to state a claim upon which relief can be granted, with leave to amend.

IT IS FURTHER RECOMMENDED that Plaintiff be given a deadline to file an amended complaint.

DATED: July 28, 2017

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).