# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Brian Stanley Spicer,

    Plaintiff

v.

United States Department of Veteran Affairs,

    Defendant

Case No.: 2:16-cv-03025-JAD-CWH

**Order Overruling Objection but Rejecting Report and Recommendation and Remanding for Rescreening**

[ECF Nos. 3, 5]

    Brian Stanley Spicer sues the United States Department of Veteran Affairs for medical malpractice, claiming that its medical care providers' actions during his gynecomastia surgery fell below the standard of care required by Chapter 41A of the Nevada Revised Statutes.[1] Because Spicer moved for, and was granted, pauper status, his complaint was screened under 28 U.S.C. § 1915(a).[2] Magistrate Judge Hoffman recommends that I dismiss his complaint with leave to amend because Spicer submitted his complaint without the medical-expert affidavit required by NRS 41A.017. Spicer objects, arguing that he should not be required to provide an affidavit because his allegations prove that his claim has merit and due process requires the court to permit his case to go forward.[3] Although I am unpersuaded by Spicer's arguments, in reviewing the report and recommendation, I came across a recent Ninth Circuit decision that suggests that the Circuit, were it to review this case, would not require Spicer to obtain an affidavit. Accordingly, I reject the recommendation and remand this case back to the magistrate judge for rescreening.

---

[1] ECF No. 4 at 13.

[2] ECF No. 3.

[3] ECF No. 5.

1

## DISCUSSION

Spicer sues the United States Department of Veterans Affairs (VA)[4] for medical malpractice under NRS Chapter 41A and the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b) et seq. He claims that he was examined and diagnosed with gynecomastia by the VA medical-care providers in August 2014 and underwent an unsuccessful surgery to correct it on October 6, 2014. He alleges that the medical treatment and care he received fell below the standard of care. He prays for more than $1 million.[5]

Because Spicer sought and was granted pauper status for this case, Magistrate Judge Hoffman screened his complaint under 28 U.S.C. § 1915(a).[6] The magistrate judge properly noted that medical-malpractice claims against federally funded health-care facilities and their employees acting in the scope of that employment must be brought under the FTCA, as Spicer brings this case. And, because Spicer also brings this action under Nevada's medical malpractice statute, NRS 41A.009 et seq., which requires all medical-malpractice actions to be "filed with 'an affidavit, supporting the allegations contained in the action,'"[7] the magistrate judge recommends that I dismiss Spicer's complaint because it lacks that statutorily required affidavit.[8] Indeed, NRS 41A.071 states that a district court "shall dismiss the action, without prejudice, if the action is filed without" an affidavit by a medical expert setting forth "factually a specific act or acts of alleged negligence."[9]

But a Ninth Circuit panel in an unpublished disposition recently reversed one of this district's no-affidavit dismissals. In doing so, the panel "predict[ed] that the Supreme Court of

---

[4] ECF No. 4.

[5] *Id*.

[6] ECF No. 3.

[7] *Zohar v. Zbiegien*, 334 P.3d 402, 405 (Nev. 2014) (quoting Nev. Rev. Stat. § 41A.071).

[8] ECF No. 3.

[9] Nev. Rev. Stat. § 41A.071.

Nevada would hold that" an FTCA plaintiff suing the VA "does not have to comply" with the affidavit requirement "even when a doctor or other medical professional committed the underlying negligent acts or omissions."[10] It added that the state's affidavit requirement likely does not apply under the *Erie* doctrine because it "may be viewed as procedural, rather than substantive. And federal law, not state law, governs all procedural aspects of a claim under the FTCA," which "contains no affidavit requirement."[11]

Although that unpublished disposition in *Kornberg v. Department of Veterans Affairs* is not binding, it suggests to me how the Ninth Circuit would approach the NRS 41A.071 affidavit requirement were it to consider this issue on appeal. So, in an exercise of caution, and because the nature of the claim in *Kornberg* was materially indistinguishable from Spicer's, I do not require Spicer to provide a medical-malpractice affidavit to survive screening. I thus reject the magistrate judge's recommendation of dismissal and instead remand this case back to the magistrate judge for rescreening in light of this order. Spicer is cautioned that, although he is not required to provide a medical expert's affidavit to *plead* his claim, this ruling says nothing of the quantum or quality of evidence that may be required to *prove* his claim.

### Conclusion

Accordingly, IT IS HEREBY ORDERED that Spicer's Objection to the Screening Order **[ECF No. 5] is OVERRULED**;

Nevertheless, I do not adopt the Report and Recommendation [ECF No. 3] for dismissal with leave to amend. Instead, I **REMAND this case back to Magistrate Judge Hoffman for rescreening** in light of this order.

January 26, 2018

_____
U.S. District Judge Jennifer A. Dorsey

---

[10] *Kornberg v. United States*, 692 Fed. Appx. 467, 468 (unpublished) (9th Cir. June 13, 2017).

[11] *Kornberg*, 692 Fed. Appx. at 469 (internal citations omitted).

3