**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| BRIAN STANLEY SPICER,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF VETERAN AFFAIRS,<br><br>    Defendant. | Case No. 2:16-cv-03025-JAD-DJA<br><br>**REPORT & RECOMMENDATION** |

Presently before the Court is Pro Se Plaintiff Brian Stanley Spicer's Motion to Replead (ECF No. 16) and Motion to Amend the Complaint (ECF No. 17), both filed on September 23, 2019. The Court also reviewed Defendant's Responses (ECF Nos. 20-21), both filed on September 26, 2019.

**I.  BACKGROUND**

On July 22, 2019, the Court permitted Plaintiff's complaint to proceed on a claim of negligence on the part of the Defendant, the Department of Veterans Affairs ("DVA"), related to complications arising from their treatment of Plaintiff's gynecomastia. (ECF No. 8). Subsequently, Defendant filed a Motion to Dismiss contending that DVA cannot be sued under the Federal Tort Claims Act as it is not a proper party for tort damages and this action is untimely. (ECF No. 13). Specifically, Defendant alleged that under the FTCA, only the United States is a proper defendant to a suit for money damages, not individual federal agencies. (*Id.* at 5:8-10). As a result, Plaintiff now seeks to amend his complaint to replace DVA with the United States as the sole defendant. (ECF No. 17). He also appears to seek a transfer of venue. (ECF No. 16). Defendant claims that both requests should be denied because transfer is improper and amendment would be futile. (ECF No. 20-21).

///

## II.   DISCUSSION

"A party may amend its pleading once as a matter of course within: (a) 21 days after serving it, or (b) . . . 21 days after service of a motion under Rule 12(b) . . . ." Fed.R.Civ.P. 15(a)(1). In all other cases, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." *Id.* at (a)(2).

Here, Plaintiff filed his Motion to Amend the Complaint (ECF No. 17) on September 23, 2019, which is within 21 days after service of Defendant's Motion to Dismiss (ECF No. 13), filed on September 13, 2019. Nevertheless, the Court finds that justice does not require granting the amendment for two reasons. First, Plaintiff's proposed amended complaint is not complete in itself without reference to any prior pleading as required by Local Rule 15-1(a). Moreover, it is unclear what allegations he seeks to amend regarding venue or if he is asking for a transfer of a prior case. Second, to the extent he only seeks to amend in order to substitute DVA with a new defendant – the United States – the Court is not persuaded his sole claim would survive dismissal due to the expiration of the statute of limitations. An FTCA action must be commenced within six months following the agency's denial of Plaintiff's administrative tort claim. Plaintiff's administrative tort claim was denied by the agency on March 9, 2016 and this action was filed on December 29, 2016, which is well past the six months statute of limitations. As such, the Court finds that substitution of the United States as defendant in place and instead of DVA would be futile.

## III.   CONCLUSION

IT IS THEREFORE RECOMMENDED that Pro Se Plaintiff Brian Stanley Spicer's Motion to Replead (ECF No. 16) and Motion to Amend the Complaint (ECF No. 17) be **denied**.

## IV.   NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely

1  objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d
2  1153, 1157 (9th Cir. 1991).
3       DATED: October 28, 2019

                                        DANIEL J. ALBREGTS
                                        UNITED STATES MAGISTRATE JUDGE