**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| BRIAN STANLEY SPICER, | Case No. 2:16-cv-03025-JAD-DJA |
| Plaintiff, | **REPORT & RECOMMENDATION** |
| v. | |
| UNITED STATES DEPARTMENT OF VETERAN AFFAIRS, | |
| Defendant. | |

Presently before the Court is Pro Se Plaintiff Brian Stanley Spicer's Motion for Leave to Amend Complaint filed on November 4, 2019 (ECF No. 29). The Court also reviewed Defendant's Response for the Motion for Leave to Amend Complaint (ECF No. 32). No reply was filed.

**I.  BACKGROUND**

On September 23, 2019 Plaintiff filed a Motion to Replead and Motion to Amend the Complaint. (ECF Nos. 16, 17). On October 28, 2019 this Court issued a Report and Recommendation recommending that the Motion to Replead and Motion to Amend the Complaint be denied. (ECF No. 27). That Report and Recommendation is currently pending before the District Court. Thereafter, Plaintiff filed yet another Motion for Leave to Amend his Complaint in which he states that he has "resubmitted the entire complaint with exhibits in accordance with LR 15-1. (a) (b) (sic) Amended Pleadings". (ECF No. 29, p. 1). Plaintiff does not appear to make any other changes or corrections to his original complaint. Defendant argues that Spicer's Motion for Leave to Amend the Complaint should be denied because the proposed amendment is futile as determined by this Court's previous Report and Recommendation.

## II. DISCUSSION

"A party may amend its pleading once as a matter of course within: (a) 21 days after serving it, or (b) . . . 21 days after service of a motion under Rule 12(b) . . ." Fed.R.Civ.P. 15(a)(1). In all other cases, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." *Id.* at (a)(2).

Here, Plaintiff has filed this new Motion for Leave to Amend his Complaint on November 4, 2019, which is well outside the 21 days after service of the Defendant's Motion to Dismiss. The defense clearly has not given their written consent to the amended pleading. Additionally, the Court finds that justice does not require granting the Plaintiff's Motion for Leave to Amend his Complaint. Plaintiff's proposed amended complaint is not complete in itself without reference to any prior pleadings as required by Local Rule 15-1(a). In fact, it appears as though Plaintiff has simply resubmitted his entire complaint with its exhibits.

There is no rule which allows Plaintiff to simply refile his prior pleadings and request that he be allowed to amend those pleadings when there are pending motions to dismiss the pleadings and a report and recommendation recommending denial of a previous motion to amend the complaint. Filing a Motion for Leave to Amend the Complaint and simply attaching the prior complaint to that motion is insufficient, violates the local rules regarding amended pleadings, and does not rise to the level of justice requiring this Court to grant leave to amend the complaint. Moreover, like his previous attempt to amend the complaint, Plaintiff's current motion to amend is likewise futile because it remains untimely. As such, the Court does not believe the Plaintiff should be allowed to amend his complaint at this stage of the proceedings.

## III. CONCLUSION

IT IS THEREFORE RECOMMENDED that Pro Se Plaintiff Brian Stanley Spicer's Motion for Leave to Amend Complaint (ECF No. 29) be **denied**.

## IV. NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation

1  may file a written objection supported by points and authorities within fourteen days of being
2  served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely
3  objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d
4  1153, 1157 (9th Cir. 1991).

DATED: February 4, 2020

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE