# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Brian Stanley Spicer,

    Plaintiff

v.

United States Department of Veterans Affairs,

    Defendant

Case No.: 2:16-cv-03025-JAD-DJA

**Order Granting Department of Veterans Affairs' Motion to Dismiss, Adopting Reports and Recommendations, Denying Other Pending Motions, and Closing this Case**

[ECF Nos. 13, 16, 17, 24, 25, 27, 29, 35]

    Pro se plaintiff Brian Spicer sues the United States Department of Veterans Affairs for medical malpractice.[1]  The VA moves to dismiss Spicer's complaint, arguing that it is not a proper party and Spicer's claim is untimely.[2]  The VA also moves to strike Spicer's surreply in opposition to that motion.[3]  Spicer brings two motions to amend his complaint and one motion to "replead" it.[4]  In two reports and recommendations (R&Rs), Magistrate Judge Daniel Albregts recommends that I deny these motions because they fail to comply with this district's local rules and amendment would be futile.[5]  Spicer objects to Judge Albregts's R&Rs, and he also moves for the clerk to enter default against the United States.[6]

    I grant the VA's motion to dismiss because it is clear on the face of Spicer's complaint that it is untimely.  I deny the VA's motion to strike Spicer's surreply.  I overrule Spicer's

---

[1] ECF No. 4.

[2] ECF No. 13.

[3] ECF No. 24.

[4] ECF Nos. 16; 17; 29.

[5] ECF Nos. 27; 35.

[6] ECF Nos. 25; 28; 36.

objections, adopt Judge Albregts's R&Rs, and deny Spicer's motions to replead and amend because amendment would be futile. And I deny Spicer's motion for the clerk to enter default as moot and because the VA responded to his complaint.

### Discussion

### I.    The VA's motions to dismiss and to strike Spicer's surreply [ECF Nos. 13, 24]

Federal Rule of Civil Procedure 8 requires every complaint to contain "[a] short and plain statement of the claim showing that the pleader is entitled to relief."[7] While Rule 8 does not require detailed factual allegations, the properly pled claim must contain enough facts to "state a claim to relief that is plausible on its face."[8] This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"; the facts alleged must raise the claim "above the speculative level."[9] In other words, a complaint must make direct or inferential allegations about "all the material elements necessary to sustain recovery under *some* viable legal theory."[10]

District courts employ a two-step approach when evaluating a complaint's sufficiency on a Rule 12(b)(6) motion to dismiss. The court must first accept as true all well-pled factual allegations in the complaint, recognizing that legal conclusions are not entitled to the assumption of truth.[11] Mere recitals of a claim's elements, supported by only conclusory statements, are insufficient.[12] The court must then consider whether the well-pled factual allegations state a

---

[7] Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

[8] *Twombly*, 550 U.S. at 570.

[9] *Iqbal*, 556 U.S. at 678.

[10] *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989)) (emphasis in original).

[11] *Iqbal*, 556 U.S. at 678–79.

[12] *Id.*

plausible claim for relief.[13]  A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.[14]  A complaint that does not permit the court to infer more than the mere possibility of misconduct has "alleged—but not shown—that the pleader is entitled to relief," and it must be dismissed.[15]

Federal courts must determine whether "the running of the statute is apparent on the face of the complaint" to dismiss under Rule 12(b)(6) on statute-of-limitations grounds.[16]  The Federal Tort Claims Act (FTCA) requires plaintiffs to first submit an administrative claim to the applicable federal agency.[17]  If the agency denies the claim, the plaintiff must file suit under the FTCA within six months of the denial.[18]

Spicer filed an administrative tort claim with the VA in October 2015.[19]  The VA's chief counsel denied it by letter on March 9, 2016.[20]  The letter informed Spicer that if he wished to file suit under the FTCA, he would have to file suit within six months.[21]  Spicer waited more

---

[13] *Id.* at 679.

[14] *Id.*

[15] *Twombly*, 550 U.S. at 570.

[16] *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006) (quotation omitted); *see also Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995) ("[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.").

[17] *See Cadwalder v. United States*, 45 F.3d 297, 301 (9th Cir. 1995) (citing 28 U.S.C. § 2675(a)).

[18] 28 U.S.C. § 2401(b).

[19] ECF No. 4 at 37–46.  The ECF pagination in Spicer's complaint is illegible.  Citations to the complaint refer to the page numbers on the bottom of each page.

[20] *Id.* at 35–36.

[21] *Id.* at 36.

than nine months—until December 29, 2016—to file this suit,[22] however, rendering his claim untimely.

To save his complaint, Spicer points to a suit he filed in the Court of Federal Claims.[23] He states that the suit was "dismissed without prejudice on November 3, 2016,[24] and he cites the statute authorizing transfer of a suit to cure jurisdictional defects, 28 U.S.C. § 1631.[25]  That statute provides that an action "shall proceed as if it had been filed . . . on the date upon which it was actually filed in . . . the court from which it is transferred."[26]  But that statute requires the court in which the action was originally filed to affirmatively transfer the suit.[27]  Spicer attaches the Court of Federal Claims' November 3, 2016, order[28] to his surreply, but that order shows that his suit was dismissed for lack of jurisdiction—not transferred to this court under § 1631. Because Spicer's complaint is time-barred on its face, I grant the VA's motion to dismiss.[29]

---

[22] *Id.* at 19.

[23] ECF No. 15 at 1.

[24] *Id.*

[25] *Id.*

[26] 28 U.S.C. § 1631.

[27] *See id.* ("Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed . . . .")

[28] ECF No. 23 at 4–5.

[29] Although not addressed by the parties, the doctrine of equitable tolling would not render Spicer's complaint timely.  I may consider court records subject to judicial notice when ruling on a motion to dismiss under Rule 12(b)(6).  *See Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).  The Court of Federal Claims' records reveal that Spicer's action was pending before it between August 8, 2016, and November 3, 2016.  *See* Docket, *Spicer v. USA*, No. 1:16-1v-00958-EFB (Fed. Cl. 2016).  Assuming without deciding that the statute of limitations was tolled during the Court of Federal Claims proceedings, the statute of limitations would have nevertheless expired by the time he filed this suit.

The VA moves to strike Spicer's surreply filed in opposition to its motion to dismiss because it was filed without leave of court.[30]  Although this court's local rules require leave of court to file a surreply,[31] I deny the VA's motion because nothing in Spicer's surreply changed my conclusion that his complaint is untimely.

## II.    Spicer's motions to amend and replead, Judge Albregts's R&Rs, and Spicer's objections [ECF Nos. 16, 17, 27, 28, 29, 35, 36]

Spicer filed two motions concurrently with his opposition to the VA's motion to dismiss. Spicer's first motion to amend seeks to amend his complaint to name the United States instead of the VA.[32]  His motion to replead repeats his argument about transfer.[33]  Judge Albregts recommends that I deny both motions because Spicer only attached three pages of his proposed amended complaint and, in any event, amendment would be futile because his claim is untimely.[34]  Spicer objected and filed another motion to amend attaching his entire proposed amended complaint.[35]  Judge Albregts recommends that I deny Spicer's second motion to amend because amendment would be futile.[36]  Spicer again objects.[37]

When a party objects to a magistrate judge's report and recommendation on a dispositive issue, the district court must conduct a de novo review of the challenged findings and

---

[30] ECF No. 24.

[31] *See* L.R. 7-2(b).

[32] ECF No. 17.

[33] ECF No. 16.

[34] ECF No. 27.

[35] ECF Nos. 28; 29.

[36] ECF No. 35.

[37] ECF No. 36.

recommendations.[38]  The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," "receive further evidence," or "recommit the matter to the magistrate judge with instructions."[39]  Although Spicer's motions to amend and motion to replead are not enumerated as dispositive motions under the relevant statute,[40] Judge Albregts treated them as dispositive and issued R&Rs rather than orders.[41]  So I review Spicer's objections de novo.

Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  The district court's discretion to grant leave to amend is guided by various factors, including "bad faith, undue delay, prejudice to the opposing party, futility of amendment[,] and whether the [party] has previously amended the [pleading]."[42]

Spicer repeatedly objects that the Court of Federal Claims' order dismissing his complaint without prejudice makes his suit in this court timely,[43] but, as discussed above, that order did not transfer his case and Spicer's suit is untimely.  So Judge Albregts rightly found that amendment would be futile because Spicer's complaint is barred by the six-month statute of limitations applicable to FTCA actions.  Spicer suggests that Judge Albregts is biased against

---

[38] Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(B); Local Rule IB 3-2(b) (requiring a district judge to review de novo only the portions of a report and recommendation addressing a case-dispositive issue that a party objects to).

[39] 28 U.S.C. § 636(b)(1).

[40] *Id.* § 636(b)(1)(A).

[41] ECF Nos. 27; 35.

[42] *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (internal quotation marks and citation omitted).

[43] ECF Nos. 28 at 1–3; 36 at 2–3.

him,[44] but "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," unless they "display a deep-seated favoritism or antagonism that would make fair judgment impossible."[45]  Judge Albregts's well-reasoned R&Rs do not display any favoritism or antagonism.  So I overrule Spicer's objections, adopt Judge Albregts's R&Rs, and deny Spicer's motions to amend and replead.

## III.    Spicer's Motion for Clerk's Entry of Default [ECF No. 25]

Spicer moves for the clerk to enter default because the VA "fail[ed] to respond or timely respond by pleading their defense against [his] complaint."[46]  But Rule 12 required the VA to file a motion to dismiss for failure to state a claim before filing an answer, which the VA did here.[47]  And because I grant that motion to dismiss Spicer's complaint, I deny his motion for entry of default as moot.

## CONCLUSION

**IT IS THEREFORE ORDERED** that the VA's motion to dismiss **[ECF No. 13] is GRANTED.**

**IT IS FURTHER ORDERED** that the VA's motion to strike **[ECF No. 24] is DENIED.**

**IT IS FURTHER ORDERED** that Spicer's objections **[ECF Nos. 28, 36]** to the reports and recommendations **[ECF Nos. 27, 35] are OVERRULED.**  The reports and recommendations **[ECF Nos. 27, 35] are ADOPTED.**  Spicer's motions to amend and replead **[ECF Nos. 16, 17, 29] are DENIED.**

---

[44] ECF No. 36 at 1–2.

[45] *Likety v. U.S.*, 510 U.S. 540, 555 (1994).

[46] ECF No. 25 at 3.

[47] *See* Fed. R. Civ. P. 12(b).

**IT IS FURTER ORDERED** that Spicer's motion for entry of default **[ECF No. 25] is DENIED as moot.**

**IT IS FURTER ORDERED** that the CLERK OF COURT is directed to CLOSE THIS CASE.

Dated: June 22, 2020

_____
U.S. District Judge Jennifer A. Dorsey